UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 21-CR-20393 |
| Plaintiff, | Hon. Judith E. Levy |
| v. | Violations: 21 U.S.C. § 841(a)(1) |
| | 21 U.S.C. § 846 |
| D-1 JANEICE MINIQUE BURRELL, | 18 U.S.C. § 2 |
| D-2 ANGELO MARTESE SMITH, | 18 U.S.C. § 1956(a) |
| D-3 LAWRENCE MARK SHERMAN, M.D., | 18 U.S.C. § 1957 |
| D-4 PETER BURRELL, JR., | 18 U.S.C. § 1956(h) |
| D-5 AKEYLA BELL, | 18 U.S.C.§ 922(g) |
| D-6 CARMEN GILBRETH, | |
| Defendants. | |

FILED
CLERK'S OFFICE
JUL 28 2021
U.S DISTRICT COURT
EASTERN MICHIGAN

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### GENERAL ALLEGATIONS

1. Beginning in or about March 2020, and continuing up to and including June 2021, in the Eastern District of Michigan, the named defendants and others, both known and unknown to the grand jury, engaged in a scheme and pattern of illegal conduct involving the unlawful distribution of prescription drug controlled substances. Each defendant played various roles during the conspiracy. The purpose of the scheme was for Dr. LAWRENCE MARK SHERMAN to write controlled substance prescriptions, in exchange for cash payments, that could be filled at various pharmacies. The prescription pills were sold at a substantial profit on the illegal street market in the Metropolitan Detroit area and elsewhere.

At all times relevant to the Superseding Indictment:

2. JANEICE MINIQUE BURRELL owned and operated Tranquility Wellness Center, Inc. ("TWC"), having incorporated TWC with the State of Michigan in March 2020.

3. ANGELO MARTESE SMITH worked as an office manager at TWC.

4. From approximately June 2020 to March 2021, TWC was located at 5237 Oakman Boulevard, Dearborn, Michigan. Since approximately March 2021, TWC has been located at 24025 Greater Mack Avenue, St. Clair Shores, Michigan. At both locations, TWC's fundamental purpose was to issue unlawful opioid prescriptions, in exchange for cash payments, to "patients" or patient recruiters/marketers. The opioid prescriptions were not issued for the legitimate treatment of patients, but rather to obtain opioids that could be sold at a substantial profit on the illegal street market. The primary prescription opioids illegally prescribed and distributed were Oxycodone, Oxymorphone, Oxycodone-Acetaminophen (Percocet). These drugs are in high demand on the illegal street market, particularly Oxycodone 30mg and Oxymorphone 40mg pills.

5. In approximately June of 2020, JANEICE BURRELL and SMITH hired Dr. SHERMAN to work as a physician at TWC.

6. Dr. SHERMAN was a licensed medical doctor in the State of Michigan and was authorized by the Drug Enforcement Administration (DEA) to prescribe

2

Schedule II – V controlled substances by issuing prescriptions, provided that such prescriptions were issued in the normal course of professional medical practice.

7. As part of the conspiracy, PETER BURRELL, JR., and others who are both known and unknown to members of the grand jury, recruited "patients" to be seen by Dr. SHERMAN. JANEICE BURRELL, SMITH, and Dr. SHERMAN, required all "patients" to pay cash for the office visit, and they charged different amounts of money depending on the quantity, type, and dosage of the prescription opioid that the patient recruiter/marketer requested and received. After a cursory examination or no examination at all, Dr. SHERMAN would write multiple prescriptions, without medical necessity and outside the scope of professional medical practice, to the "patients" recruited by PETER BURRELL, JR., and others.

8. JANEICE BURRELL and SMITH hired additional employees, including but not limited to AKEYLA BELL and CARMEN GILBRETH, to help them operate TWC.

9. As part of the conspiracy, Dr. SHERMAN required each "patient" to have certain records in a patient file before he would write a controlled substance prescription. JANEICE BURRELL, SMITH, BELL, GILBRETH, and other employees of TWC created fraudulent medical records, including MRI reports, Michigan Automated Prescription System (MAPS) reports, and urine drug screen results, to give the appearance of legitimacy, and they charged patient

3

recruiters/marketers additional amounts of money for the creation of the fraudulent medical records. Dr. SHERMAN would also issue non-controlled maintenance medication prescriptions.

10. JANEICE BURRELL and SMITH paid Dr. SHERMAN per controlled substance prescription he authorized, and they paid him in cash or using peer-to-peer money transfer applications.

11. As part of the conspiracy, Dr. SHERMAN authorized electronic prescriptions for Schedule II controlled substances, which were issued under Dr. SHERMAN's DEA license and without a medical evaluation by Dr. SHERMAN.

12. As part of the conspiracy, SMITH helped patient recruiters/marketers sell controlled substance prescription pills in their possession at TWC.

13. During the conspiracy, Dr. SHERMAN unlawfully prescribed more than 441,000 dosage units of Schedule II controlled substances, carrying a conservative estimated wholesale street value of more than $6.6 million.

14. Most of the unlawful controlled substance prescriptions were paid for in cash. However, in addition, both controlled and non-controlled "maintenance" medications were billed to health care benefit programs by pharmacies. These "maintenance" medications were used to make Dr. SHERMAN's prescribing practices appear more legitimate, by reducing his percentage of controlled substance prescriptions. The adding of "maintenance" medications also increased the profits

made by the pharmacies. Billings to the Medicare and Medicaid programs for medically unnecessary prescription drug medications and maintenance medications during this conspiracy exceeded $85,000.

## COUNT ONE

(21 U.S.C. §§ 841(a)(1), 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)

D-1 JANEICE MINIQUE BURRELL
D-2 ANGELO MARTESE SMITH
D-3 LAWRENCE MARK SHERMAN, M.D.
D-4 PETER BURRELL, JR.
D-5 AKEYLA BELL
D-6 CARMEN GILBRETH

15. Beginning in or about March 2020, and continuing until in or about June 2021, in the Eastern District of Michigan, Southern Division, the defendants JANEICE MINIQUE BURRELL, ANGELO MARTESE SMITH, LAWRENCE MARK SHERMAN, M.D., PETER BURRELL, JR., AKEYLA BELL, CARMEN GILBRETH, and others, both known and unknown to members of the grand jury, did knowingly, intentionally and unlawfully conspire and agree with each other and others persons not named in this superseding indictment, to possess with intent to distribute and to distribute controlled substances, including but not limited to the Schedule II drug Oxycodone, the Schedule II drug Oxymorphone, and the Schedule II drug Oxycodone-Acetaminophen (Percocet). These prescription drug-controlled substances were distributed outside the scope of usual professional medical practice and for no legitimate medical purpose, all in violation of Title 21, United States

5

Code, Sections 846 and 841(a)(1).

## COUNTS TWO – FOURTEEN

(21 U.S.C. § 841(a)(1) – Unlawful Distribution of Controlled Substances; 18 U.S.C. § 2 – Aiding and Abetting)

D-1 JANEICE MINIQUE BURRELL
D-2 ANGELO MARTESE SMITH
D-3 LAWRENCE MARK SHERMAN, M.D.

16. On or about each of the dates set forth below, in the Eastern District of Michigan, Southern Division, defendants ANGELO SMITH, LAWRENCE MARK SHERMAN, M.D., and JANEICE MINIQUE BURRELL, did knowingly, intentionally, and unlawfully distribute, and aid and abet each other in distributing, the identified prescription drug controlled substances by writing prescriptions outside the scope of usual professional medical practice and for no legitimate medical purpose, in the names of individuals as follows:

| COUNT | ON OR ABOUT DATE | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNITS |
|---|---|---|---|---|
| 2 | 7/8/2020 | A.S. | Oxycodone HCl 30 mg | 90 |
| 3 | 7/18/2020 | H.B. | Oxycodone HCl 30 mg | 90 |
| 4 | 7/18/2020 | J.B. | Oxycodone HCl 30 mg | 90 |
| 5 | 7/22/2020 | A.B. | Oxycodone HCl 30 mg | 90 |
| 6 | 8/1/2020 | C.S. | Oxycodone HCl 30 mg | 60 |
| 7 | 8/20/2020 | D.S. | Oxycodone HCl 30 mg | 90 |
| 8 | 9/24/2020 | D.L. | Oxycodone HCl 30 mg | 90 |
| 9 | 10/1/2020 | T.D. | Oxymorphone HCl 40 mg | 60 |
| 10 | 2/4/2021 | D.L. | Oxycodone HCl 30 mg | 90 |
| 11 | 2/11/2021 | H.B. | Oxycodone HCl 30 mg | 90 |
| 12 | 2/11/2021 | D.S. | Oxycodone HCl 30 mg | 90 |
| 13 | 3/29/2021 | T.D. | Oxymorphone HCl 40 mg | 60 |
| 14 | 3/29/2021 | C.S. | Oxycodone HCl 30 mg | 60 |

All in violation of Title 21, United States Code, § 841(a)(1) and 18 U.S.C. § 2.

## COUNT 15

(18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), 1957 and 1956(h) – Conspiracy to Launder Monetary Instruments)

D-1 JANEICE MINIQUE BURRELL
D-2 ANGELO MARTESE SMITH

From on or about March 2020, and continuing until in or about June 2021, in the Eastern District of Michigan, Southern Division, and elsewhere, the defendants JANEICE MINIQUE BURRELL and ANGELO MARTESE SMITH, knowing that the property involved represented the proceeds of some form of unlawful activity, as defined in Title 18, United States Code, Section 1956(c)(1), that is, the conspiracy to possess with the intent to distribute and distribute controlled substances, a felony under Title 21, United States Code, Section 846, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other, and with others, both known and unknown to the grand jury, to conduct and cause to be conducted financial transactions which involved the proceeds of said unlawful activity, with intent to promote the carrying on of said unlawful activity, to conceal and disguise the nature, location, source, ownership and control of the proceeds of the said unlawful activity, and to avoid transaction reporting requirements under federal law; all in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), (a)(1)(B)(ii), 1957 and (h).

## COUNT 16
(18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm)

D-2 ANGELO MARTESE SMITH

On or about June 28, 2021, in the Eastern District of Michigan, the defendant, ANGELO MARTESE SMITH, with full knowledge that he had been previously convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting interstate commerce, a firearm, that is, a Ruger-57, 5.7x28mm semi-automatic pistol, bearing serial number 641-29162, said firearm having been shipped and transported in interstate and/or foreign commerce; in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATIONS
(21 U.S.C. § 853 – Criminal Forfeiture)

17. The allegations set forth above in this Superseding Indictment are hereby incorporated by reference as if they were set forth in full herein for the purpose of alleging forfeiture against each defendant pursuant to Title 21, United States Code, Section 853.

18. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of the controlled substance offense in violation of Title 21, as alleged in Counts One through Fourteen of this Superseding Indictment, the convicted defendant(s) shall forfeit to the United States: (a) any property, real or personal,

8

constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violation; and (b) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation. As part of the forfeiture in this case, the government intends to seek a forfeiture money judgment against one or more of the charged defendants.

19. Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. 853(p) to seek to forfeit any property of the defendant up to the value of the forfeitable property described above.

20. Upon Conviction of an offense charged in Count Sixteen of the Indictment, ANGELO MARTESE SMITH Shall forfeit to the United States, pursuant to Title 18, United States Code, 924 (d)(1), any firearm or ammunition involved in said offense, including but not limited to one Ruger-57, 5.7x28mm semi-

automatic pistol one bearing S/N 641-29162.

                        THIS IS A TRUE BILL

                        s/GRAND JURY FOREPERSON
                        GRAND JURY FOREPERSON

SAIMA MOHSIN
Acting United States Attorney

REGINA R. MCCULLOUGH
Chief, Health Care Fraud Unit
Assistant United States Attorney

s/ANDREW J. LIEVENSE
ANDREW J. LIEVENSE
ALISON FURTAW
Assistant United States Attorneys

Dated: July 28, 2021

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>21-CR-20393 |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes ☒ No | **AUSA's Initials:** |

**Case Title:** USA v. JANEICE MINIQUE BURRELL, et al.

**County where offense occurred:** MACOMB and WAYNE

**Check One:** ☒ Felony ☐ Misdemeanor ☐ Petty

```
____Indictment/____Information --- no prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:              ]
  ✓ Indictment/____Information --- based upon LCrR 57.10 (d) [Complete Superseding section below].
```

## Superseding Case Information

**Superseding to Case No:** 21-CR-20393          **Judge:** Hon. Judith E. Levy

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| D-1 JANEICE MINIQUE BURRELL | Count 15: 18 U.S.C. §§ 1956(a)(1)(A)(i) | |
| D-2 ANGELO MARTESE SMITH | Count 15: 18 U.S.C. §§ 1956(a)(1)(A)(i) | |
| D-2 ANGELO MARTESE SMITH | Count 16: 18 U.S.C. § 922(g)(1) | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

July 28, 2021
Date

ANDREW LIEVENSE
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9665
Fax: (313) 226-2621
E-Mail address: andrew.lievense@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.