UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 21-cr-20393-3

v.                                 Judith E. Levy
                                 United States District Judge

Lawrence Mark Sherman,
                                 Mag. Judge Kimberly G. Altman
                Defendant.

_____/

**ORDER GRANTING THE GOVERNMENT'S MOTION AND SUPPLEMENTAL MOTION TO SEAL EXHIBITS TO THE NOTICE OF FILING EXHIBITS FOR PURPOSES OF APPEAL [348, 351]**

Before the Court are the government's motion and supplemental motion to seal certain exhibits that it intends to file as attachments to its Notice of Filing Exhibits for Purposes of Appeal. (ECF Nos. 348, 351.) The government seeks to file under seal trial exhibits 3B, 5B, 9B, 12B, 31B, and 32B in their entirety. (*Id.*) The exhibits "are parts of patient files . . . that contain names and dates of birth of real people. The government requests that the Court grant its motion[s] so that it can shield this personally identifiable information from public

disclosure on the docket." (ECF No. 351, PageID.6741–6742.) Defendant Lawrence Mark Sherman filed a response opposing the government's request to seal. (ECF No. 354.)

Having reviewed the government's filings—including the sealed and unredacted copy of the relevant documents provided by the government under Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi) (ECF No. 352)—the Court finds that the documents contain personally identifiable information of third parties. Concern for the privacy rights of third parties with regard to matters related to their personal and medical information supplies a sufficiently compelling basis to warrant sealing the exhibits at issue. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016) ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (internal citation omitted)); *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476–77 (6th Cir. 1983) (finding that third parties' "justifiable expectation of privacy" that their names and financial records would not be publicly revealed as sufficiently compelling to justify nondisclosure of such records); *Bodenhamer v. Metro. Life Ins. Co.*, No. 1:20-cv-00221-TRM-CHS, 2021

WL 6275231, at *2 (E.D. Tenn. Feb. 2, 2021) (allowing the plaintiff to file his medical records under seal because (1) "Plaintiff's medical records contain personal identifiers and private health information which, standing alone, provide little meaning or benefit to the general public" and (2) "wholesale public access to Plaintiff's medical records is a significant invasion of privacy and personal dignity"). The Court finds that the interests in giving the public access to the documents do not outweigh the interests favoring nondisclosure. The Court also finds that the sealing proposed by the government is not broader than necessary. The Court agrees with the government that redaction "is not an adequate substitute" to sealing. (ECF No. 351, PageID.6747.) The Sixth Circuit "needs to see the unredacted MRI reports" to "accurately consider[ ] the records." (*Id.*) It is therefore appropriate for trial exhibits 3B, 5B, 9B, 12B, 31B, and 32B to be filed under seal pursuant to Eastern District of Michigan Local Rule 5.3 and the standard set forth in *Shane Group, Inc.* 825 F.3d at 306 ("[T]he interests in support of nondisclosure are compelling, . . . the interests supporting access are less so, and . . . the seal itself is no broader than necessary[.]").

3

Accordingly, the government's motion and supplemental motion to seal (ECF Nos. 348, 351) are GRANTED.

IT IS SO ORDERED.

Dated: September 15, 2025    s/Judith E. Levy
    Ann Arbor, Michigan    JUDITH E. LEVY
                                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2025.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager